# United States Court of Appeals for the Fifth Circuit

———————

No. 25-50618
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERLIN ALEXANDER CASTRO-MEDINA,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:25-CR-133-1

———————————————————————

Before HAYNES, GRAVES, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Erlin Alexander Castro-Medina appeals the sentence imposed following his conviction for illegal reentry into the United States. Castro-Medina argues that the district court failed to give sufficient reasons for imposing a 78-month, above-guidelines sentence; that his sentence is

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

substantively unreasonable; and that the court erred by imposing supervised release under U.S.S.G. § 5D1.1(c).

Castro-Medina's challenge to the adequacy of reasons for his sentence, which we review for plain error, fails. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364-65 (5th Cir. 2009). The district court articulated specific, individualized reasons, tied to pertinent 18 U.S.C. § 3553(a) factors and Castro-Medina's history of removals and criminal conduct. He shows no clear or obvious error, *see United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008), nor a reasonable probability that additional explanation would have resulted in a lesser sentence, *see Mondragon-Santiago*, 564 F.3d at 364-65. Castro-Medina's preserved substantive reasonableness argument is likewise unavailing. *See Lopez-Velasquez*, 526 F.3d at 807; *United States v. Smith*, 440 F.3d 704, 708-09 (5th Cir. 2006). Finally, in view of the record, Castro-Medina fails to show reversible plain error regarding the imposition of supervised release. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 606-07 (5th Cir. 2013).

AFFIRMED.